Dear Ms. Foshee:
You have asked this office to advise whether a full-time employee of the Covington Recreation Department may also serve as a member of the Covington Planning and Zoning Commission.
The provisions of the Dual-Officeholding and Dual-Employment Law, R.S.42:61, et seq., govern our response to your inquiry. While R.S. 42:63(E)[1] prohibits one from holding two full-time positions, the statute does not, in general, prohibit one from holding a full-time municipal employment and a part-time appointive office.
R.S. 42:62(4) and (5) define "full-time" and "part-time" as follows:
 (4) "Full-time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
 (5) "Part-time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full-time. *Page 2 
Further, the position of member of the Covington Planning and Zoning Commission is established by provision of the Covington Home Rule Charter,[2] and thus constitutes an "appointive office" as defined by R.S. 42:62(2), providing:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter
or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof. (Emphasis added).
A commission member holds his appointed position on a part-time basis. Thus, R.S. 42:63(E) does not prohibit one from also holding full-time municipal employment with the city's recreation department. Further, the facts related in the instant matter indicate that the incompatibility provisions contained in R.S. 42:64[3] are not invoked. *Page 3 
However, R.S. 33:103(C)(1) pertaining to parish and municipal planning commissions is of potential concern and states:
 C. (1) All members of a commission, whether a parish or a municipal planning commission, shall serve without compensation, except as otherwise provided by this paragraph or as otherwise provided by law, and shall hold no other public office, except they may also serve as members of any duly constituted regional commission of which their parish or municipality forms a part. (Emphasis added).
"Public office" is defined by R.S. 42:1 as:
 any state, district, parish or municipal office, elective or appointive, or any position as member on a board or commission, elective or appointive, when the office or position is established by the constitution or laws of this state.
 "Public officer" is any person holding a public office in this state.
Because the position with the municipality is an employment and not a public office, R.S. 33:103 would not preclude one from holding both positions. In accord are Attorney General Opinions 05-248 and 91-549, copies attached.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg *Page 1 
 OPINION NUMBER 05-0248
78 Dual Officeholding
R.S. 42:61, et seq., R.S. 33:103C(1), R.S. 33:103
Member of Lockport Zoning Commission may hold full-time employment as permits coordinator for the parish.
Mr. Terry Ledet 306 Lafourche Street Lockport, LA 70374
Dear Mr. Ledet:
You advise that you currently serve as part-time commissioner for the Town of Lockport Zoning Commission. You ask if you may also hold full-time employment with the parish as permits coordinator. The provisions of the Dual Officeholding and Dual Employment Laws, R.S.42:61, et seq., do not prohibit one from holding local part-time appointive office and full-time employment in a political subdivision of the state.
However, R.S. 33:103C(1) is of potential concern and states:
 C.(1) All members of a commission, whether a parish or a municipal planning commission, shall serve without compensation, except as otherwise provided by this Paragraph or as otherwise provided by law, and shall hold no other public office, except they may also serve as members of any duly constituted regional commission of which their parish or municipality forms a part. (Emphasis added).
"Public office" is defined by R.S. 42:1 as "any state, district, parish or municipal office, elective or appointive, or any position as member on the board or commission, elective or appointive, when the office or position is established by the constitution and laws of this state. `Public officer' is any person holding a public office in this state".
Because the position with the parish is an employment and not a public office, you are not prohibited by R.S. 33:103 from holding both positions.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:ams *Page 1 
 OPINION NUMBER 91-549
Honorable Jerry A. Thomas State Representative 200 Alabama Avenue Bogalusa, LA 70427
Dear Representative Thomas:
You have requested an opinion of this office as to whether Louisiana's dual office-holding laws prohibit a person from simultaneously holding the position of correctional security officer (GS 10), a classified civil service position with the Louisiana Department of Safety and Corrections, and the position of commission member of either a parish or municipal planning commission.
The position of correctional security officer is a full-time employment in the executive branch of state government, and the position of local planning commission member is a part-time local appointive office. (R.S.42:62)
R.S. 42:63E makes it clear that a person holding a full-time employment of the state may simultaneously hold a part-time local appointive office. Furthermore, we find that the incompatibility provisions contained in R.S. 42:64 would not bar any individual from simultaneously holding the above-mentioned position. Finally, R.S. 33:103 provides that a planning commission member " . . . shall hold no other public office."
Because the position with the state is an employment and not a public office, we conclude that the provisions of Section 103 are not a bar to the holding of the position mentioned. *Page 2 
Trusting this answers your question, I remain,
 Sincerely,
 WILLIAM J. GUSTE, JR.
 ATTORNEY GENERAL
 BY:__________________________
 KENNETH C. DEJEAN
 First Assistant Attorney General
 KCD:jv
[1] R.S. 42:63(E) states:
E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof, or in a combination of these.
[2] Article II. Municipal Planning Commission
Section 82-31. Created; composition
There is hereby created a municipal planning commission to consist of seven members.
Section 82-32 Members
The members of the municipal planning commission shall be appointed in accordance with state law for terms of five years each. Members to serve on this board shall be citizens and residents in the City of Covington at the time of appointment and during the tenure of the appointment. Should any member of the commission fail to meet any of the above qualifications, that position shall be declared vacant and another appointment shall be made for the unexpired term. The appointee shall be initially from the district, if he moves from the district he shall serve that one term only.
Section 82-33 Powers
The municipal planning commission shall have all of the powers conferred upon it by state law.
Section 82-34 Service as zoning commission
The municipal planning commission shall also serve as a municipal zoning commission, and shall have all of the powers conferred upon zoning commissions by law.
[3] R.S. 42:64 prohibits one from holding two or more positions where any of the following circumstances are present:
(2) The incumbent of one office, whether or not in conjunction with fellow officers, or employment receives the oath and/or bond of the incumbent of the other.
(3) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is charged by law with instituting actions for penalties against the incumbent of the other office or employment.
(4) The incumbent of one office, whether or not in conjunction with fellow officers, or employment is required by law to execute orders and follow directions given by the incumbent of the other office or employment.
(5) One office, whether or not in conjunction with fellow officers, or employment is charged with auditing the accounts of or approving the budget of the other position.
(6) Funds received by one office or employment are deposited with or turned over to the other office or position.